# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Beall Fowler, Estate of Robert Romeril, :
Martin Romeril, Barbara Diamond, :
Steven Diamond, and Bruce Haines, :
                        Appellants :
                                    :
            v. :   No. 834 C.D. 2022
                                    :   SUBMITTED: May 7, 2024
City of Bethlehem and City of :
Bethlehem Zoning Hearing Board, :
and Morning Star Partners, LLC :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
                  HONORABLE CHRISTINE FIZZANO CANNON, Judge
                  HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                    **FILED: June 10, 2024**

Appellants, Beall Fowler, Estate of Robert Romeril, Martin Romeril, Barbara Diamond, Steven Diamond, and Bruce Haines, appeal from the order of the Court of Common Pleas of Northampton County, affirming the decision of the Zoning Hearing Board of the City of Bethlehem to deny Appellants' substantive validity challenge to an amendment to the City's Zoning Ordinance.[1] We affirm.[2]

---

[1] City of Bethlehem Zoning Ordinance, Ordinance No. 2210 (1970), *as amended*.

[2] This case was considered seriately with related cases *Estate of Robert Romeril and Gwendolyn-Jane Romeril v. City of Bethlehem Zoning Hearing Board and Morning Star Partners, LLC* (Pa. Cmwlth., No. 835 C.D. 2022, filed June 10, 2024), and *Beall Fowler, Estate of Robert Romeril, Martin Romeril, Barbara Diamond, Steven Diamond and Bruce Haines v. City of Bethlehem and Morning Star Partners, LLC* (Pa. Cmwlth., No. 836 C.D. 2022, filed June 10, 2024).

At the center of this long-running dispute is the property owned by Morning Star Partners, LLC (Morning Star) and located at 2 West Market Street, Bethlehem, Northampton County, Pennsylvania. Board's Finding of Fact (F.F.) 9. The Board described the property as

> contain[ing] a former single[]family residence building located on the corner of West Market and New Streets; two smaller buildings that are connected fronting New Street used for retail space on the first floor and an apartment on the second floor[;] and a detached garage with an apartment above.

F.F. 31.

The property is located within the RT-Residential Zoning District where commercial use is not permitted. F.F. 32. As such, Morning Star made several previous attempts to obtain variance relief in order to conduct a business office use out of the single family residential portion of the property. *See Fowler v. City of Bethlehem Zoning Hearing Bd.*, 187 A.3d 287 (Pa. Cmwlth. 2018).[3] While its first two zoning applications failed, the Board granted Morning Star's third application. *Id.* at 292. This Court ultimately reversed that decision, *id.* at 298, and Morning Star was subsequently issued a cease and desist order. Morning Star then filed a petition for a map change but later withdrew that petition.

On September 27, 2018, Morning Star filed a petition to City Council seeking to amend[4] Article 1304.04 of the Ordinance. F.F. 28. Morning Star

---

[3] As the *Fowler* Court also noted, retail is not a permitted use in the RT district, but because the retail uses on the property predate the Ordinance, they are lawful nonconforming uses. 187 A.3d at 289.

[4] As the Board notes, Article 1326.02(c) of the Ordinance permits, *inter alia*, a landowner to file a petition proposing an amendment to the Ordinance. F.F. 29.

specifically sought to add subsection (b) to Article 1304.04, the pertinent part of which provides as follows:

> (b) As a special exception, the conversion of a single family dwelling to an office use may be approved by the [] Board [] provided all of the following requirements are met:
>
> (1) The lot shall be at the corner of [two] streets and shall contain some form of a nonconforming retail or commercial use in combination with a single family dwelling.
>
> (2) This subsection [two] may allow an office use to be established in the single family dwelling even while the nonconforming commercial or retail use on the same lot continues. The office use shall be limited to within the existing single family dwelling, and may not involve building expansions for the use, other than as may be necessary for fire safety or handicapped access.
>
> . . . .
>
> (7) The office uses to be permitted under this section shall be limited to those of medicine, law, architecture, engineering, art, religion, music, insurance, real estate, psychology, accounting, and financial services.

Reproduced Record (R.R.) at 466a-67a (Amendment).

The Amendment was submitted to the Lehigh Valley Planning Commission and the Planning Commission of the City of Bethlehem for review and both entities submitted their recommendations to City Council. F.F. 38-45. Following public hearings, wherein Appellants voiced their concerns, City Council voted 4-3 to approve the Amendment and it was signed by the City's Mayor in December 2018. F.F. 47.

3

Appellants then appealed to the Board raising a substantive validity challenge to the Amendment. F.F. 3-4. Morning Star was granted intervenor status as the property is affected by the Amendment. F.F. 11. Following public hearings spanning multiple days, the Board voted unanimously to deny the appeal and a written decision was issued thereafter. F.F. 14-15. The Board determined, *inter alia*, that the Amendment is not ambiguous or void for vagueness, does not constitute spot zoning, and does not violate the principle of nonconforming uses. Board's Decision at 23-37. The Board found that the Amendment is substantively valid and that Appellants failed to meet their burden. Board's Decision at 22, 37. Appellants appealed to the trial court which affirmed without taking additional evidence. This appeal followed.[5]

Appellants argue that the Board erred in determining that the Amendment is not invalid spot zoning. More specifically, Appellants maintain that the Amendment is unreasonable, arbitrary, and not substantially related to the police power interest that it purports to serve. Appellants further argue that the Amendment is invalid because it violates the principle of nonconforming uses and because it was not thoroughly examined to determine its impact on the general health, safety, and welfare of the public. Finally, Appellants assert that the Board and the trial court both erred in precluding certain evidence from the record, evidence which Appellants claim demonstrates that the Amendment was predicated upon an illegal zoning contract.[6]

---

[5] Because the trial court did not take additional evidence, our review is limited to determining whether the Board erred as a matter of law or abused its discretion. *Fowler*, 187 A.3d at 294 n.8 [citing *In re Thompson*, 896 A.2d 659, 666 n.4 (Pa. Cmwlth. 2006)].

[6] This last issue is dealt with more fully in the trial court's interlocutory order and opinion denying Appellants' purported motion for leave to take additional evidence, issued May 14, 2021. **(Footnote continued on next page…)**

Upon review of the record, the parties' arguments, and the law, we conclude that the trial court ably addressed and resolved the issues raised by Appellants. Accordingly, we affirm on the basis of the thorough and well-reasoned opinion of the Honorable Craig A. Dally in *Beall Fowler, Estate of Robert Romeril, Martin Romeril, Barbara Diamond, Steven Diamond, and Bruce Haines v. City of Bethlehem and City of Bethlehem Zoning Hearing Board* (C.C.P. Northampton, No. C-48-CV-2020-03074, filed July 6, 2022) (appended hereto).

**BONNIE BRIGANCE LEADBETTER**
President Judge Emerita

---

*See* Reproduced Record (R.R.) at 776a-90a. "[I]t is within the trial court's discretion to decide whether to take additional evidence," *id.* at 780a [quoting *Wilson v. Plumstead Township Zoning Hearing Board*, 894 A.2d 845, 849 (Pa. Cmwlth. 2006)], and we discern no abuse of discretion here. Moreover, as the trial court notes, much of Appellants' proffered evidence was either not relevant to the ultimate issues in the case or not appropriate because it would not afford Morning Star the ability to cross-examine adverse witnesses. *See* R.R. at 781a [citing Section 908(5) of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. § 10908(5) ("The parties . . . shall be afforded the opportunity to respond and present evidence and argument and cross-examine adverse witnesses on all relevant issues.")].

5

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Beall Fowler, Estate of Robert Romeril, :
Martin Romeril, Barbara Diamond, :
Steven Diamond, and Bruce Haines, :
                      Appellants :
                                :
            v. : No. 834 C.D. 2022
                                :
City of Bethlehem and City of :
Bethlehem Zoning Hearing Board, :
and Morning Star Partners, LLC :

# **O R D E R**

AND NOW, this 10th day of June, 2024, the Order of the Court of Common Pleas of Northampton County is hereby AFFIRMED.

 

**BONNIE BRIGANCE LEADBETTER**
President Judge Emerita



## IN THE COURT OF COMMON PLEAS OF NORTHAMPTON COUNTY, PENNSYLVANIA

### CIVIL DIVISION

BEALL FOWLER, ESTATE OF ROBERT
ROMERIL, MARTIN ROMERIL,
BARBARA DIAMOND, STEVEN
DIAMOND, and BRUCE HAINES,
      Appellants,

    v.

CITY OF BETHLEHEM and CITY OF
BETHLEHEM ZONING
HEARING BOARD,
      Appellees,

    and

MORNING STAR PARTNERS, LLC,
      Intervenor.

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

C-48-CV-2020-03074

### ORDER OF COURT

AND NOW, this 6th day of July, 2022, upon consideration of Appellants', Beall

Fowler, Estate of Robert Romeril, Martin Romeril, Barbara Diamond, Steven Diamond, and

Bruce Haines, Appeal to the enactment of Bill 46-2018- Zoning Text Amendment-Section

1304.01- Reuse of Corner Commercial uses Allowed in the RT and RG Districts, the response

thereto of Appellees the City of Bethlehem and the City of Bethlehem Zoning Hearing Board,

and Intervenor Morning Start Partners, LLC, the legal memoranda filed in support thereof, and

the arguments made before the undersigned, the Court **ORDERS** and **DECREES** that said

appeal is hereby **DENIED**, and the decision of the Zoning Hearing Board of the City of

Bethlehem is **AFFIRMED**, based upon the following Statement of Reasons:

A-55

# STATEMENT OF REASONS

## Factual and Procedural History

On September 27, 2018, Intervenor Morning Star Partners, LLC ("MSP") filed a Petition

to the City Council of the City of Bethlehem ("City Council") for Amendment to the City's

Zoning Ordinance pursuant to the City of Bethlehem Zoning Ordinance ("Zoning Ordinance")

1326.02(c).[1] MSP specifically wished to create a special exception by adding subsection (b) to

Article 1304.04[2] that provides:

> (b)As a special exception, the conversion of a single family dwelling to an office use may be approved by the Zoning Hearing Board ("the Board") provided all of the following requirements are met:

> (1) The lot shall be at the corner of 2 streets and shall contain some form of a nonconforming retail or commercial use in combination with a single family dwelling.

> (2) This subsection 2 may allow an office use to be established in the single family dwelling even while the nonconforming commercial or retail use on the same lot continues. The office use shall be limited to within the existing single family dwelling, and may not involve building expansions for the use, other than as may be necessary for fire safety or handicapped access.

> (3) In considering whether to approve the special exception use, the Board shall consider whether the total impact upon the neighborhood and parking needed for

---

[1] Article 1326.02(c) states:

Who May Initiate. Proposals for amendment or repeal may be initiated by City Council on its own motion, by the Planning Commission, or by petition of one or more citizens, subject to the following provisions:

***

(c) Proposals originated by a citizen's petition. Each petition of a proposal for amendment to the zoning ordinance by citizens or a landowner must be submitted in writing to the City Council, together with a fee as provided in the City Fee Schedule, plus payment in full by the applicant of all costs incurred by the City in publishing of legally required advertising. On receipt of said petition and payment, Council shall transmit a copy of the petition to the Planning Commission at least 30 days prior to the hearing on such proposed amendment. Within 30 days after its submission to the Planning Commission, the Commission should submit to City Council a report containing the Commission's recommendation, including any additions or modifications of the original proposal. Failure of the Planning commission to submit such report within 30 days shall not by itself delay a hearing. All proposal originated by a citizen's petition for rezoning/zoning map revisions must be acknowledged by a Notary Public and signed by the owners of 50% or more of the land proposed to be rezoned.

[2] Article 1304.4 is titled Reuse of Certain Corner Lots Allowed in RT and RG Districts.

2

A-56

all uses on the lot after the new use would be in operation would exceed the total impact of all uses City of Bethlehem Zoning Ordinance Article 1304.32 on the lot that existed prior to the application. For example, this decision may consider whether the applicant proposes to reduce the number of dwelling units on the lot.

(4) The Board shall have the authority to place reasonable conditions upon the office use, such as but not limited to: limits on hours of operation, limits on the maximum floor area occupied by the use, requirements that the operator of the use regularly collect litter on the sidewalk and gutters at edge of street adjacent to the lot, and conditions that preserve and enhance the residential character of the neighborhood.

(5) As part of the special exception, the Board shall have the authority to modify off-street parking requirements, considering the total impact of the new uses of the lot versus the previous uses, and considering whether a percentage of customers are likely to arrive by public transit and/or walking. The Board may also approve a reduction in the required parking as part of the special exception approval if the applicant proves that there is an excess of on-street parking spaces during hours when the business will be in operation.

(6) Signs shall need approval as part of the special exception process. The Board may approve a total sign area of up to 20 square feet, which shall be limited to projecting, wall and/or window signs. No new sign shall be internally illuminated. Any lighting of signs shall be limited to hours when the use is open to the public. All signs must comply with any applicable Historical Architectural Review Board (HARB) and Historic Conservation Commission (HCC) regulations and any other applicable laws and regulations.

(7) the office uses to be permitted under this Article shall be limited to those of medicine, law, architecture, engineering, art, religion, music, insurance, real estate, psychology, accounting and financial services.

See Index of Record, Ex. A16. MSP owns the property located at 2 West Market Street (the "Property") within the City of Bethlehem (the "City"). Id.[3] The Property is located within an RT-Residential Zoning District. See Zoning Ordinance Article 1303.02.[4]

The Amendment was subsequently submitted to the Lehigh Valley Planning Commission ("LVPC") and the Planning Commission of the City of Bethlehem ("Planning Commission") for

---

[3] "The lot contains a single family detached home, two rental units, 2 apartments in accessory buildings and a detached garage. It is a mixed-use parcel." Index of Record, Ex. A18.
[4] Said district is "to provide for higher density residential neighborhoods with a mix of housing types." Zoning Ordinance Article 103.07 (e).

3

A-57

review. The LVPC explained that the Amendment "was a matter of local concern," while the Planning Commission voted to not pass the Amendment in a 2-2 tie. Index of Record, Ex. A17, A19; Mem. in Supp. of Appeal, Ex. B, ¶¶ 43-45. Both agencies submitted their recommendations to City Council prior to its adoption of the Amendment.

The City held two separate public hearings where citizens, including Appellants, voiced their concerns and/or support for the Amendment. See Mem. in Supp. of Appeal, Ex. B, ¶ 46; Appeal, ¶¶ 14-22. On December 18, 2018, City Council voted in favor of the Amendment at a public meeting by a vote of 4-3. City's Br. in Supp. of Substantive Validity, at 5. Appellants filed a substantive appeal to the City of Bethlehem Zoning Hearing Board ("ZHB") on January 16, 2019, pursuant to 53 P.S. § 10909.1(a)(1).[5] Public hearings on this substantive challenge where held on September 11, 2019, October 24, 2019, November 12, 2019, December 11, 2019, January 8, 2020, and January 13, 2020. Mem. in Supp. of Appeal, at 7.

At these hearings, Appellants proffered the testimony of Mary Wilson, Edward Gallagher, Frank Mayberry, Mary Taloose, Darlene Heller, Dr. Paige Van Wirt, Beall Fowler, Martin Romeril, expert Karen Beck Pooley, Bruce Haines, Steven Diamond, and William Scheirer to support their substantive appeal. See Index of Record, Exs. 64-67. The City and MSP tendered the testimony of Suzanne Virgilio, Darlene Heller, and Mark Bahnick to support the validity of Article 1304.4(b). See id., Exs. 67-69.

The ZHB ultimately denied Appellants' appeal, by a vote of 3-0, on February 27, 2020. Mem. in Supp. of the Appeal, Ex. B, ¶ 14. A written decision furnishing the ZHB's findings of fact and conclusions of law was issued on Mach 4, 2020. City's Br. in Supp. of Substantive

---

[5] "The zoning hearing board shall have exclusive jurisdiction to hear and render final adjudication in the following matters: . . . Substantive challenges to the validity of any land use ordinance, except those brought before the governing body pursuant to sections 609.1 and 916.1(a)(2)." 53 P.S. § 10909.1(a)(1).

4

A-58

Validity, at 5. Appellants filed a timely Notice of Appeal with this Court on June 6, 2020.[6] A Motion for Leave to Take Additional evidence was filed on June 15, 2020 which was subsequently denied by this Court. Order, Dally, J., 05/14/2021. Appellants, Appellees, and Intervenor all submitted briefs and the matter was praeciped for argument. The matter was assigned to the undersigned and oral arguments were conducted, thus the matter is ripe for disposition.

## Standard of Law

If a court reviewing a zoning appeal takes no additional evidence, its scope of review is limited to determining whether the zoning hearing board abused its discretion or committed an error of law. Swemley v. Zoning Hearing Bd. of Windsor Twp., 698 A.2d 160 (Pa. Commw. 1997); see 53 P.S. § 11005-A.[7] A zoning board's decision will constitute an abuse of discretion only if its findings are not supported by substantial evidence. SPC Co., Inc. v. Zoning Board of Adj. of the City of Phila., 773 A.2d 209 (Pa. Commw. 2001).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." In re Richboro CD Partners, L.P., 89 A.3d 742, 746 n.1 (Pa.

---

[6] On January 16, 2019, Appellants also filed an appeal with this Court challenging the procedural validity of the ordinance See Docket No.: C-48-CV-2019-00436. Robert Romeril and Gwendolyn-Jane Romeril also filed an appeal of the ZHB's decision to grant a special exception to MSP under Zoning Ordinance Article 1304.04(b). See Docket No.: C-48-CV-2019-07761.

[7] 53 P.S. § 11005-A provides in pertinent:

> If, upon motion, it is shown that proper consideration of the land use appeal requires the presentation of additional evidence, a judge of the court may hold a hearing to receive additional evidence, may remand the case to the body, agency or officer whose decision or order has been brought up for review, or may refer the case to a referee to receive additional evidence, provided that appeals brought before the court pursuant to section 916.11 shall not be remanded for further hearings before any body, agency or officer of the municipality. *If the record below includes findings of fact made by the governing body, board or agency whose decision or action is brought up for review and the court does not take additional evidence or appoint a referee to take additional evidence, the findings of the governing body, board or agency shall not be disturbed by the court if supported by substantial evidence.* If the record does not include findings of fact or if additional evidence is taken by the court or by a referee, the court shall make its own findings of fact based on the record below as supplemented by the additional evidence, if any.

53 P.S. § 11005-A (emphasis added).

5

A-59

Commw. 2014). The zoning board is the sole judge of a witnesses' credibility and the weight afforded to their testimony. Manayunk Neighborhood Council v. Zoning Bd. of Adj. of the City of Phila., 815 A.2d 652 (Pa. Commw. 2002). If supported by substantial evidence, the court is bound by a zoning board's findings that may be the result of conflicting testimony. Taliaferro v. Darby Twp. Zoning Hearing Bd., 873 A.2d 807 (Pa. Commw. 2005).[8] Findings that are the result of a capricious disregard of material evidence, however, do not bind this Court. See id.

Further, zoning ordinances are presumptively valid; therefore, an individual seeking to challenge an ordinance on the grounds of invalidity carries a heavy burden. Woll v. Monaghan Twp., 948 A.2d 933, 938 (Pa. Commw. 2008). "Where the validity of the zoning ordinance is debatable, the legislative judgement of the governing body must control." Id. In Pennsylvania, whether a zoning ordinance passes constitutional muster is reviewed under a substantive due process analysis. Plaxton v. Lycoming County Zoning Hearing Bd., 986 A.2d 199, 204 (Pa. Commw. 2009). A zoning ordinance is considered constitutional as a valid exercise of police power when it promotes public health, safety, and welfare and is substantially related to the purpose it purports to serve. Fisher v. Viola, 789 A.2d 782, 785 (Pa. Commw. 2001). Under this analytical framework, the party contesting the validity "must establish that [the challenged ordinance is] arbitrary and unreasonable and [has] no substantial relationship to promoting the public health, safety, and welfare." Plaxton, 986 A.2d at 204.

"The exercise of judgment in regard to zoning regulations will not be interfered with except where there is obviously no relation to health, safety, morals or general welfare." Ethan-

---

[8] With regard to substantial evidence, our Supreme Court has explained:

Information admitted into evidence must have sufficient indicia of reliability and be relevant to the matter under consideration. Accordingly, to test whether the evidence relied upon is substantial evidence in support of a finding, the reviewing court should ascertain whether the evidence admitted is competent, and if it is competent, whether it is sufficient to support the administrative finding. If the evidence is both competent and sufficient, the finding is supported by substantial evidence.

Gibson v. Workers' Comp. Appeal Bd. (Armco Stainless & Alloy Products), 861 A.2d 938, 944 (Pa. 2004).

6

Michael, Inc. v. Bd. of Supervisors of Union Twp., 918 A.2d 203, 210 (Pa. Commw. 2007). If

any facts provide a reasonably conceivable rational basis for the zoning law, the challenged law

will be upheld. Corteal v. Dep't of Transportation, 821 A.2d 173, 177 (Pa. Commw. 2003).

Further, a court may not reverse a zoning board's decision merely because the court

would reach a different conclusion based upon the same record; the zoning board is more

familiar with the land in question and is therefore in a better positon to make such decisions.

Board of Commissioners v. Zoning Hearing Bd. of Upper Moreland Twp., 361 A.2d 455 (Pa.

Commw. 1976).[9] Stated differently, courts are not permitted to simply impose their own

inclinations concerning the underlying claim nor are they allowed to act as a "super zoning

hearing board." Haverford Twp.. v. Zoning Hearing Bd. of Haverford Twp., 344 A.2d 758 (Pa.

Commw. 1975).[10]

## Discussion

The instant appeal contends that the ZHB abused its discretion for numerous reasons. The

Court will handle each contention in turn.

### A. The Amendment is Not Impermissibly Vague or Ambiguity

Appellants initially condemn the Amendment as being unconstitutionally vague;

specifically for failing to define what a "single family dwelling" means. Mem. in Supp. of Appeal,

at 10-12. The City, the ZHB, and MSP all disagree with this contention. See Br. of ZHB, in Opp'n

to Appeal, at 5-9; City's Br. in Supp. of Substantive Validity, at 9-14. After viewing the record,

the Court finds that the Amendment is sufficiently clear to pass constitutional muster.

---

[9] Courts will not examine the motives of a municipal legislative body's reasons for making zoning changes. Streck v. Lower Macungie Twp. Bd. of Comm'rs., 58 A.3d 865, 879 (Pa. Commw. 2012).
[10] "The question of what best serves the public interest is primarily a question for . . . the appropriate legislative body in a given situation . . . ." Plaxton, 986 A.2d at 199 (quoting Anstine v. Zoning Bd. of Adjustment of York Twp., 190 A.2d 712, 715 (Pa. 1963)).

7

A-61

Local governments lack the "authority to adopt an ordinance that is arbitrary, vague, or unreasonable or inviting of discriminatory enforcement. Com., Office of Atty. Gen. ex. rel. Corbett v. Richmond Twp., 2 A.3d 678, 681 (Pa. Commw. 2010). An ordinance is unconstitutionally vague, "when persons of common intelligence must guess at its meaning." Fisher, 789 A.2d at 787. Vague ordinances "proscribe activity in terms so ambiguous that reasonable persons may differ as to what is actually prohibited," and invite arbitrary and discriminatory enforcement by failing to delineate clear guidelines for law officials and courts. Scurfield Coal, Inc. v. Commonwealth, 582 A.2d 694, 697 (Pa. Commw. 1990). Difficulty in establishing whether a set of facts falls within the challenged provision does not render the language unconstitutional unless "it fails to convey sufficiently definite warnings as to proscribed conduct when measured against common understandings and practices." Farley v. Zoning Hearing Board of Lower Merion Twp., 636 A.2d 1232, 1239 (Pa. Commw. 1994), appeal denied, 651 A.2d 544 (Pa. 1994).

In the instant matter, the ZHB cites Article 1302.39 to suggest that the Amendment is not ambiguous. See Mem. in Supp. of Appeal Ex. B, at 24 (citing Zoning Ordinance Articles 1302.39(a)-(c)). Article 1302.39 defines a dwelling and includes subsections that differentiate the types of single-family dwellings versus other types of accommodations. See Zoning Ordinance Article 1302.39. The ZHB found that a person of reasonable intelligence could deduce that the Amendment applies to single family detached dwellings, single family attached dwellings, and single family semi-detached dwellings with a plain reading of Zoning Article 1302.39 (a)-(c). See Mem. in Supp. of Appeal, Ex. B at 24. Conversely, they found that the Amendment would *not* apply to dwellings that fall under Articles 1302.39(d)-(f) because they represent two or multiple family residences, not single-family.[11]

---

[11] The Courts finds it instructive that the term "single family dwelling" is utilized within other sections of the Zoning Ordinance. See e.g., Zoning Ordinance Article 1305.01; id. Article 1322.03(o)(1).

8

Appellants suggest that Darlene Heller's initial interpretation, via inter-office memorandum, that the Amendment only applied to single-family detached dwellings evidences the Amendment's ambiguity. See Index of Record, Exs. A18-19; A-21-22. They cite Kohl v. New Sewickley Twp. Zoning Hearing Bd., 107 A.3d 961, 968-69 (Pa. Commw. 2015) for the proposition that "because a township's zoning officer is charged with the administration and execution of a zoning ordinance, his interpretation of the ordinance is entitled to deference and should not be disregarded unless shown to be clearly erroneous." Id. The Court finds, however, that Appellant's reliance on Kohl is misplaced. The language from Kohl quoted by Appellants comes from McIntyre v. Board of Supervisors of Shohola Twp., 614 A.2d 335, 337 (Pa. Commw. 1992). In McIntyre, the only interpretation of the ordinance was that of the zoning officer. Id. In Kohl, "it [was] disputable whether the [zoning hearing board] officially adopted [the zoning officer's] interpretation, the [zoning hearing board] did not denounce it, so the [zoning] officer's interpretation must be given at least some weight in the calculus." 108 A.3d at 970. These cases do not stand for the proposition that a zoning officer's interpretation is dispositive, in fact, the Commonwealth Court has emphasized that, "McIntyre does not set forth the level of deference a zoning hearing board is to give a zoning officer's interpretation." Bethlehem Manor Village, LLC v. Zoning Hearing Bd. of City of Bethlehem, 2021 WL 303047, at *10 (Pa. Commw. Jan. 29, 2021). However, if a zoning hearing board does not "denounce" a zoning officer's interpretation, that interpretation is entitled to "some weight." Bethlehem Manor Village, LLC, 2021 WL 303047 at *10.

Here, the record shows that the ZHB specifically rejected Darlene Heller's interpretation that the Amendment's use of "single family dwelling" meant only single family detached dwellings. It found the Amendment to unambiguous based upon the express language of Article

A-63

1302.29 and the testimony of Appellants' expert, Dr. Beck Pooley, and Appellee's expert Mr. Mark Bahnick. Mem. in Supp. of Appeal, Ex. B, at 19, 25; see Index of Record, Ex. A67, at 57-59. As a result, the Court finds that, while the product of controverted testimony, the ZHB's holding that Article 1304.4(b) was unambiguous is supported by substantial evidence and thus not an abuse of discretion. Accordingly, the Court DENIES Appellant's appeal on the issue of ambiguity.

## B. The Amendment Does Not Constitute Spot Zoning

Appellants also aver that the ZHB's finding that the Amendment did not constitute impermissible spot zoning was erroneous. Mem. in Supp. of Appeal, at 12-14. Appellees and Intervenor deny this averment in full. See Br. of ZHB in Opp'n to Appeal, at 9-11; City's Br. in Supp. of Substantive Validity, at 14-17.

"The law is clear that spot zoning is unconstitutional and invalid." Conshohocken Borough v. Conshohocken Borough Zoning Hearing Bd., 261 A.3d. 582, 594 (Pa. Commw. 2021). Again, zoning ordinances are presumptively valid and any challenger bears the burden of proving otherwise. Atherton Dev. Co. v. Twp. of Ferguson, 29 A.3d 1197, 1204 (Pa. Commw. 2011). In Takacs v. Indian Lake Borough Zoning Hearing Bd., 11 A.3d 587 (Pa. Commw. 2010), the Commonwealth Court explained:

> Spot zoning is a singling out of one lot or a small area for different treatment from that accorded to similar surrounding land indistinguishable from it in character, for the economic benefit or detriment of the owner of that lot. *The most determinative factor in an analysis of spot zoning is whether the parcel in question is being treated unjustifiably different from similar surrounding land, thus creating an "island" having no relevant differences from its neighbors.*

> To establish improper spot zoning, the challenger must prove that the provisions at issue are arbitrary and unreasonable and have no relation to the public health, safety, morals and general welfare. If the validity of a zoning ordinance is debatable, it must be permitted to stand. Spot zoning cases should be decided on the facts, guided by case law; there is no precise formula for determining whether a rezoning of property constitutes spot zoning.

10

A-64

Takacs, 11 A.3d at 594; see also Sharp v. Zoning Hearing Bd. of Twp. of Radnor, 628 A.2d 1223, 1228 (Pa. Commw. 1993)(holding there is no precise formula to determine spot zoning; whether classification constitutes spot zoning is determined by facts and guided by case law).

Appellants suggest that the Amendment constitutes spot zoning because it was tailored by the landowner to provide relief for the Property and that City Council "put on its blinders" and disregarded the possible impact upon the community as a whole. Mem. in Supp. of Appeal, at 13-14. The Court respectfully disagrees. "The fact that a rezoning is initiated by residents in the zoned area is not determinative of the substantive merits of the ordinance. . . 'an ordinance [cannot] be invalidated simply because a zoning board accepts the views advanced in support of the ordinance . . . .'" Streck v. Lower Macungie Twp. Bd. of Com'rs., 58 A.3d 865, 879 (Pa. Commw. 2012) (quoting Robert Louis Corp. v. Bd. of Adj. of Radnor Twp., 274 A.2d 551, 555 (1971)). The record also indicates that the ZHB considered the overall impact of the Amendment by hearing testimony on the applicability of the proposed ordinance to multiple parcels of land within the RT and RG Zoning Districts based upon the testimony of Mr. Bahnick and Ms. Heller. See Mem. in Supp. of Appeal, Ex. B, at 27; see also Index of Record, Exs. A17, A23, A48.[12]

Consequently, the Court finds that the ZHB was well within its discretion to find that the Amendment does not "rezone a discrete tract of land or single out one lot or small area for different treatment from that accorded to similar surrounding land indistinguishable from it in character, for the economic benefit of the owner," based upon the credibility and weight of the above- mentioned

---

[12] Appellants continually raise the issue of the Amendment's unknown impact as a basis for reversing the ZHB's decision, pointing to the Planning Commissions' and Dr. Van Wirt's concerns for support. See Mem. in Supp. of Appeal, at 12-14, 18-21. The City correctly points out that, while knowing every impact a proposed ordinance would be beneficial, there is no statute or caselaw that imposes such a requirement. City's Br. in Supp. of Substantive Validity, at 27-28.

11

A-65

testimony. See Mem. in Supp. of Appeal, Ex. B, at 27. Thus, the Court **DENIES** the instant appeal as it relates to spot zoning.[13]

### C. The Amendment is Rationally Related to the Police Power it Purports to Serve

Appellants' third assignment of error suggests that the ZHB erred in finding that the Amendment is rationally related to the police power interests it purports to serve. Mem. in Supp. of Appeal, at 14-15. Specifically, Appellants fault the Amendment for being codified under Article 1304.4 of the Zoning Ordinance because the "Amendment . . . converts single family dwellings that never had a history of prior commercial use and turns these structures into commercial office spaces that are not permitted in the RT and RG Districts." Id. at 15.

Generally, a zoning ordinances is valid when it "promotes public health, safety or welfare, and its regulations are substantially related to the purpose the ordinance purports to serve." Plaxton, 986 A.2d at 205 (citing Boundary Drive Assocs. v. Shrewsbury Twp. Bd. of Supervisors, 491 A.2d 86 (Pa. 1985)). Before a reviewing tribunal may declare a zoning ordinance unconstitutional, the challenging party must clearly establish the provisions of the ordinance are arbitrary and unreasonable. Adams Outdoor Adver., LP v. Zoning Hearing Bd. of Smithfield Twp., 909 A.2d 469 (Pa. Commw. 2006).[14]

---

[13] See Plaxton, 986 A.2d at 210-211 (rejecting claims of illegal spot zoning and special legislation where the amendatory ordinance had no confiscatory application and was not enacted to prevent any lawful use of the property; instead, the property at issue was not rezoned at all by the amendatory ordinance, and the amendatory ordinance merely permitted a new use in a zoning district); Klein v. Council of City of Pittsburgh, 643 A.2d 1107, 1118 (Pa. Commw. 1994) (rejecting claims of illegal spot zoning and special legislation where an ordinance permitted "medical private use helistops in conjunction with hospitals as a conditional use in six different zoning districts"; the ordinance "d[id] not rezone [Shadyside Hospital's] property nor single it out for preferential treatment among other area hospitals; and, "[i]n fact, [the ordinance] confer[red] no benefit on Shadyside Hospital that [was] not similarly bestowed on any other city hospital").

[14] The Plaxton Court explained that:

> A legislative enactment can be declared void only when it violates the fundamental law clearly, palpably, plainly and in such a manner as to leave no doubt or hesitation in the mind of the court. Indeed, '[w]here the validity of an ordinance is debatable, the ordinance will be upheld as valid, and if there is room for difference of opinion as to whether the ordinance is designed to serve a proper public purpose, the court should not substitute its judgment for that of the governing body which enacted the legislation.'

A-66

Here, the ZHB's decision stated:

> The [ZHB] finds as a matter of fact that the Amendment does align with the intent of Article 1304.4. Article 1304(a) and the Amendment . . . both regulate uses on corner lots within RG and RT Districts. Further, both Articles promote low impact commercial/retail uses on corner lots of a traditionally commercial character. Therefore, Article 1304.4(b) bears a rational relationship with Article 1304.4(a).

Mem. in Supp. of Appeal, Ex. B, at 28.

While Article 1304.4(a) requires the corner lot to have a history of lawful business use, and the Amendment requires a present nonconforming retail or commercial use, both Articles promote similar low impact commercial/retail uses on corner lots in RT and RG Districts. Based upon the record before it, the Court finds that the ZHB articulated a rational relationship between the Amendment and the purpose it purports to serve and that the Appellants failed to clearly establish the Amendment's arbitrariness or unreasonableness. Thus, the instant appeal is DENIED based upon the premise that the Amendment is not rationally related to the police power it purports to serve.

## D. The Amendment Does Not Treat Similar Landowners Disparately

Appellants also contend that the Amendment fosters disparate treatment of similar landowners without a reasonable basis because it does not apply to property owners who "may have a combination of a single family dwelling and a commercial use but are not located at the corner of two streets." Mem. in Supp. of Appeal, at 16. The Court finds this averment to be unpersuasive.

An ordinance will be considered arbitrary when it results in the disparate treatment of similar landowners without a reasonable basis. Hopewell Twp. Bd. of Supervisors v. Galla, 452 A.2d 1337 (Pa. 1982). "Neither the equal protection guarantee of the federal constitution nor the

---

Plaxton, 986 A.2d at 205. (internal citations omitted).

13

corresponding protection in our state constitution forbids the drawing of distinctions, so long as the distinctions have a rational basis and relate to a legitimate state purpose." Seneca Resources Corp. v. City of St. Marys Zoning Hearing Bd., 2021 WL 5578722, at *11 (Pa. Commw. Nov. 30, 2021) (citing Ligonier Tavern, Inc. v. Workmen's Comp. Appeal Bd., 714 A.2d 1008, 1011 (Pa. 1998)).

The Court finds that Appellants' disparate treatment argument lacks merit. The Municipalities Planning Code ("MPC) specifically permits properties located at or near an intersection to be treated differently than other lots within the same area. See 53 P.S. § 10605 (2)(i).[15] Further, the ZHB articulated a rational basis for such treatment, namely that corner properties are located in highly visible locations that are traditionally better suited for commercial purposes. See Mem. in Supp. of Appeal, Ex. B, at 29.[16] Thus, the ZHB's decision was within its discretion.

**E. The Amendment Does Not Violate the Article 1323 of the Zoning Ordinance**

It is also averred that the Amendment should be stricken as invalid because it allegedly expands a property's existing nonconforming use in violation of Zoning Ordinance Article 1323. Mem. in Supp. of Appeal, at 16-18. The Court is unpersuaded by this argument. A lawful nonconforming use is a use that predates the subsequent prohibitory zoning restriction. Hafner v. Zoning Hearing Bd. of Allen Tp., 974 A.2d 1204, 1210 (Pa. Commw. 2009).[17] "The right to maintain this nonconforming use is only available for uses that were lawful when they came into existence and which existed when the ordinance took effect." Id. at 1210-11. Conversely, a special

---

[15] "When zoning districts are created, all provisions shall be uniform for each class of uses or structures . . . except that additional classifications may be made within any district . . . For the regulation . . . of uses and structures at, along or near . . . major thoroughfares, intersections and interchanges . . . ." 53 P.S. § 10605 (2)(i).

[16] Which is the same rational basis that likely animates the disparate treatment embodied within Article 1304.4(a).

[17] Zoning Ordinance Article 1302.90 defines "non-conforming use" as "[a]ny use of a building, structure, lot or land, . . . lawfully existing at the effective date of this Ordinance or any amendment thereto affecting such use, which does not conform to the regulations of this Ordinance applicable to the use within the district in which it is situated."

14

exception is "not an exception to a zoning ordinance, but rather a use which is expressly permitted, absent a showing of a detrimental effect on the community." Tower Access Group, LLC v. South Union Twp. Zoning Hearing Bd., 192 A.3d 291, 300 (Pa. Commw. 2018).

Here, the Amendment does not create an additional nonconforming use, ·expand nonconforming uses, or tilt the scale in favor of increasing nonconforming uses. Instead, the Amendment, by definition, creates a permitted use by special exception. See Mem. in Supp. of Appeal, Ex. B, at 23; Index of Record, Ex.67, at 79-81; Id., Ex. 68, at 26-30. Accordingly, the instant appeal is DENIED as it relates to the alleged expansion of nonconforming uses.

### F. ZHB Correctly Found that the City Conducted Statutorily Sufficient Due Diligence

Appellants further maintain that the Amendment is invalid due to City Council's failure to conduct sufficient due diligence. Mem. in Supp. of Appeal, at 18-21. Appellees and Intervenor deny these allegation, arguing that the statutorily proscribed review was conducted. City's Br. in Supp. of Substantive Validity, at 25-30; Zoning Ordinance Article 1326.02(c).

Initially, Appellants contend that the unknown impact of the Amendment raises concerns that City Council expedited the deliberation process to the detriment of the public interest. Mem. in Supp. of Appeal, at 19. Appellants do not cite specific statutory provisions that were disregarded to support this conclusion; instead, they rely upon the decision in Baker v. Chartiers Twp. Zoning Hearing Bd., 677 A.2d 1274 (Pa. Commw. 1996). In Baker, Chartiers Township rezoned a privately owned farm consisting of 221 acres from an agricultural to an industrial district in order for a landfill operation to expand onto the 221 acres. Id. at 1278. The zoning hearing board found that the rezoning was not spot zoning; however, the trial court reversed. Id. Upon review of the trial court's order, the Commonwealth Court held that there were material factors indicating that the 221 acre parcel was the object of unlawful spot zoning. Id. The proper

15

A-69

zoning procedures were not followed when the township's board of supervisors failed to submit the comprehensive plan to the county planning commission to determine whether the rezoning complied with the township's comprehensive plan in violation of 53 P.S. § 10303(b). Id.[18] This failure "indicate[d] that the deliberation process was expedited to the detriment of the public interest." Id. at 1278–79.

Here, the Court agrees with the ZHB's observation that, unlike in Baker, the record evidences that a statutorily full and fair examination was conducted.[19] The Amendment was submitted, in full, to both the LVPC and the Planning Commission for consideration and both entities provided their respective comments regarding the Amendment. Mem. in Supp. of Appeal, Ex.B, at 32.[20] Numerous public hearings were conducted over a three month period, at which comments for and against approval were considered prior to the adoption of the Amendment on December 18, 2018. Id. at 10. The amount of uncertainty surrounding the impact of the Amendment is not, in and of itself, dispositive evidence of a lack of due diligence and Appellants have not proffered caselaw to support such a conclusion.

Appellants' argument regarding the "atypical" nature of the Amendment's initiation is also unavailing. Per Zoning Ordinance Article 1326.02(c), landowners and citizens have the ability to propose zoning ordinance amendments. Further, as explained above, "the fact that a rezoning is initiated by residents in the zoned area is not determinative of the substantive merits

---

[18] 53 P.S. § 10303(b) provides that" the recommendations of the planning agency including a specific statement as to whether or not the proposed action is in accordance with the objectives of the formally adopted comprehensive plan shall be made in writing to the governing body within 45 days."

[19] Whether the Amendment should be stricken for procedural deficiencies is more applicable to Appellants procedural appeal. See Docket No. CP-48-CV-2019-00436.

[20] The Amendment's adoption in spite of the Planning Commission's deadlock of a 2-2 tie does not mean that due diligence was not conducted. As our courts have held, "a planning commission is no more than an advisory body whose recommendations have no binding effect on the governing body." Takacs, 11 A.3d at 597 n.11. What's important is that a review of the Amendment was completed and that the Planning Commission, and LVPC, timely supplied the City Council with their recommendations. See Zoning Ordinance Articles 1326.02(c), 1326.03.

16

A-70

of the ordinance. . . 'an ordinance [cannot] be invalidated simply because a zoning board accepts the views advanced in support of the ordinance . . . .'" Streck v. Lower Macungie Twp. Bd. of Com'rs., 58 A.3d 865, 879 (Pa. Commw. 2012). Consequently, the ZHB's decision to deny the instant appeal based upon an alleged lack of due diligence was within its discretion.

## G. The Amendment Will Not be Invalidated Based Upon any Inconsistency with the City's Comprehensive Plan

Additionally, Appellants contend that the Amendment is invalid because of its alleged irreconcilability with the City's Comprehensive Plan. Mem. in Supp. of Appeal, at 21-22. Appellants fault the Amendment for reducing the amount of housing opportunities and because it was proffered by a property owner instead of the City itself. Id. (citing Index of Record, Ex. A-9, at 4-7; Ex. 67, at 85). This argument lacks merit. The ZHB correctly held that "a zoning amendment should not be invalidated for failure to comply with a comprehensive plan." Mem. in Supp. of Appeal, Ex. B, at 43. The MPC clearly states that "no action by the governing body of a municipality shall be invalid nor shall the same be subject to challenge or appeal on the basis that such action is inconsistent with, or fails to comply with, the provision of a comprehensive plan." 53. P.S. § 10303(c); See Protect PT v. Penn Twp. Zoning Hearing Bd., 220 A.3d 1174, 1187 (Pa. Commw. 2019). Consequently, the Appellants' argument must fail.[21]

## H. The ZHB Correctly Denied the Admission of the Transcripts at Issue

Finally, Appellants seemingly fault the ZHB for denying the admittance of exhibits A25-A45 that allegedly prove the existence of illegal contract zoning. Mem. in Supp. of Appeal, at 24.

---

[21] Appellants cite numerous cases in which Pennsylvania courts discuss a zoning amendment's relation to a municipality's comprehensive plan to support their argument. Mem. in Supp. of Appeal, at 21 (citing Baker v. Charties Twp. Zoning Hearing Bd., 677 A.2d 1274, 1278-79 (Pa. Commw. 1996); In re Fayette County Ordinance, 509 A.2d 1342 (Pa. Commw. 1986); Pace Resources, Inc. v. Shrewsbury Twp. Planning Com'n., 492 A.2s 818, 821-22 (Pa. Commw. 1985)). These cases, however, examine a proposed ordinance's inconsistency with a comprehensive plan as a factor in the context of a spot zoning analysis and do not stand for the proposition that a zoning ordinance can be invalidated solely upon that basis.

17

In an Order dated May 14, 2021, the undersigned held that said exhibits were properly excluded by the ZHB. Order, Dally, J., 05/14/21, at 8-9. The Court incorporates the reasoning from its May 14, 2021 Order in finding that the ZHB did not abuse its discretion in excluding exhibits A25-48.

**BY THE COURT:**

_____
CRAIG A. DALLY,                          J.

18

A-72